# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PACIFIC TECH CONSTRUCTION, INC.,

    Plaintiff,

vs.                                    Case No. 3:18-cv-170-J-34JRK

SAUER, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff, Pacific Tech Construction, Inc.'s, Response to Defendant's Motion to Dismiss (Doc. 8; Response), filed on March 13, 2018. In the Response, Plaintiff, in addition to asserting that Defendant's motion to dismiss is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that its allegations are inadequate. See Response at 10-11. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("'Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

    Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a)

requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a).[1] Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if it wishes to pursue such relief,

---

[1] To the extent Plaintiff relies on Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925 (11th Cir. 2016) in support of its request for leave to amend, Plaintiff would have been well-advised to read the Eiber Radiology decision to its conclusion. Specifically, in the penultimate paragraph of that decision the Eleventh Circuit Court of Appeals states:

> We also note that Plaintiff did not formally move for leave to amend under Rule 15(a)(2) when it realized it may have a viable breach-of-contract claim. Instead, Plaintiff simply stated in opposing dismissal below that, "in the event the Court concludes that Plaintiff's Complaint is somehow deficient or otherwise insufficient, Plaintiff would request a further opportunity to address any such deficiency or insufficiency as may be determined by this Court." This statement appears to have been intended to operate as a request for leave to amend in the event the court found the Amended Complaint deficient. <u>But it is worth noting that Plaintiff never squarely pursued its right to seek leave to amend under Rule 15(a)(2) when Defendant again moved to dismiss, nor did it explain to the district court below why justice might require a second opportunity to amend.</u> We do not mean to suggest that Plaintiff would have prevailed on a motion to amend under Rule 15(a)(2). <u>We merely note that Plaintiff inexplicably failed to follow the well-trodden procedural path toward amendment.</u> As such, its claim that dismissal with prejudice denied it "the opportunity to have its day in court" is without merit.

See Eiber Radiology, 673 F. App'x at 930 (emphasis added).

2

it is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**ORDERED**:

To the extent that it requests affirmative relief from the Court, Plaintiff, Pacific Tech Construction, Inc.'s, Response to Defendant's Motion to Dismiss (Doc. 8) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of March, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record