**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PACIFIC TECH CONSTRUCTION, INC.,

    Plaintiff,

vs.

Case No. 3:18-cv-170-J-34JRK

SAUER, INC.,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge James R. Klindt's Report and Recommendation (Doc. 17; Report), entered on July 16, 2018. Defendant Sauer, Inc.[1] filed an objection to the Report on July 27, 2018. See Defendant Sauer Incorporated's Objections to Magistrate Judge's Report and Recommendation (Doc. 18; Objection). Plaintiff Pacific Tech Construction, Inc. filed a response on August 10, 2018. See Plaintiff's Response to Defendant's Objections to Magistrate Judge's Report and Recommendations (Doc. 19; Response). Accordingly, this matter is ripe for review.

**I.    Background**

Plaintiff initiated this action on January 26, 2018, by filing its Complaint (Doc. 1). In the Complaint, Plaintiff asserts a claim for breach of contract (Count I) and alternatively,

---

[1] Defendant contends that Plaintiff incorrectly identifies it as "Sauer, Inc." in the case caption. See Defendant Sauer Incorporated's Dispositive Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 5; Motion to Dismiss) at 1; Defendant Sauer Incorporated's Objections to Magistrate Judge's Report and Recommendation (Doc. 18; Objection) at 1. In response, Plaintiff acknowledges that the Florida Department of State records identify Defendant as "Sauer Incorporated," and explains that in abbreviating the term "Incorporated," Plaintiff does not intend to "allege the existence of some other distinct entity named 'Sauer, Inc.'" See Plaintiff, Pacific Tech Construction, Inc.'s, Response to Defendant's Motion to Dismiss (Doc. 8; Motion Response) at 1 n.1.

a claim "in quantum meruit, unjust enrichment and/or quantum valebant" (Count II). See Complaint at 6-7. On February 27, 2018, Defendant moved to dismiss the Complaint on several grounds. See Defendant Sauer Incorporated's Dispositive Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 5; Motion to Dismiss). With respect to Count I, Defendant argued that the Complaint should be dismissed because Plaintiff released all claims. See Motion to Dismiss at 6-9. As to Count II, Defendant sought dismissal arguing that any quasi-contractual claim was equitable in nature and Plaintiff had an adequate remedy at law, and also because the statute of limitations had expired. Id. at 9-12. Plaintiff filed a response on March 13, 2018. See Plaintiff, Pacific Tech Construction, Inc.'s, Response to Defendant's Motion to Dismiss (Doc. 8; Motion Response). In the Motion Response, Plaintiff argued that it did not release the claims set forth in the Complaint but presented no argument in opposition to the request for dismissal of Count II. See generally id. Instead, Plaintiff argued only that the Motion to Dismiss should be denied as to Count I, and as to Count II stated, "Plaintiff does not oppose Defendant's Motion with respect to Count II, Quantum Meruit." Id. at 1 n.2.

On April 5, 2018, the Court entered an Order referring the Motion to Dismiss to the Magistrate Judge for preparation of a report and recommendation regarding an appropriate resolution. See Order (Doc. 16). On July 16, 2018, the Magistrate Judge entered the Report in which he recommended that the Court dismiss Count II, but deny the Motion to Dismiss in all other respects. See Report at 13.

## II. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## III. Discussion

In the Objection, Defendant challenges the Magistrate Judge's findings with respect to Count I but does not object to the Magistrate Judge's findings with respect to Count II. See Objection at 1. Plaintiff filed no objection and thus also does not challenge the recommended dismissal of Count II. See generally Docket. Upon independent review of the record, the Court finds that the Objection is due to be overruled and the Report is due to be adopted with regard to the recommendation that the Motion to Dismiss be denied to the extent Defendant seeks dismissal of Count I. The Court further adopts the recommendation that Count II be dismissed, but need not consider the legal arguments presented as to Count II in light of Plaintiff's representation that it does not oppose dismissal of this Count.[2]

---

[2] The Court could consider the claim in Count II abandoned simply because Plaintiff failed to respond to Defendant's arguments in support of dismissal. See A1 Procurement v. Hendry Corp., No. 11-23582-Civ, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012) ("The failure to defend a claim in responding to a motion to dismiss results in abandonment of that claim."); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (treating as abandoned, and dismissing, claims defendant sought to be dismissed due to plaintiff's failure to respond to defendant's arguments). However, here, Plaintiff went further affirmatively stating that it did not oppose dismissal of Count II. Thus, the Court accepts Plaintiff's

Defendant challenges the Magistrate Judge's recommendation regarding Plaintiff's breach of contract claim on two grounds. See generally Objection. First, Defendant objects to the Magistrate Judge's decision not to consider the Pass-Through Agreement (Doc. 5-2; Pass-Through Agreement), in which Plaintiff allegedly released the claims set forth in the Complaint, based on the conclusion the Pass-Through Agreement is not central to Plaintiff's breach of contract claim. See Objection at 1, 3-8. Second, Defendant challenges the Magistrate Judge's decision not to convert the Motion to Dismiss into one for summary judgment because discovery may be needed to interpret the Pass-Through Agreement. Id. at 2. In response, Plaintiff contends that the Magistrate Judge correctly determined that the Pass-Through Agreement is not central to the Complaint. See Response at 3-8. Further, Plaintiff asserts that to the extent there is any ambiguity regarding the scope of the Pass-Through Agreement, discovery is needed and a summary judgment ruling would be premature. Id. at 8-14.

Upon independent review of the Report, Objection, Response, and relevant authorities, the Court finds that the portion of the Report addressing Count I is due to be adopted as the opinion of the Court. First, the Court will address the Magistrate Judge's finding that it may not consider the Pass-Through Agreement without converting the Motion to Dismiss into one for summary judgment. See Report at 7-9. As the Magistrate Judge correctly states in the Report:

> "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [of the Federal Rules of Civil Procedure (Rule(s))]." . . . A court, however, may consider a document attached to a motion to dismiss without

---

representation of non-opposition as a formal abandonment of Count II. In light of this, and given the absence of proper adversarial briefing, the Court declines to address the merits of the legal arguments raised with respect to Count II.

>converting the motion to one for summary judgment 'if the attached document is (1) central to the plaintiff's claim; and (2) undisputed."

See Report at 7 (citations omitted). Here, neither of the parties disputes the Pass-Through Agreement's authenticity. See generally Objection; Response. Thus, only the centrality of the Pass-Through Agreement is at issue.

In the Objection, Defendant relies on Leader Global Solutions, LLC v. Tradeco Infraestructura, S.A. DE C.V., 155 F. Supp. 3d 1310 (S.D. Fla. 2016), in which the court observed:

> In determining whether a document is central to a party's claims, courts consider such factors as: [1] whether the claims depend on the documents; [2] whether the contents of the documents are alleged in the complaint; [3] whether the documents "form a necessary part of [the plaintiff's] effort to make out [his] claim"[;] and [4] whether the documents are referred to throughout the complaint.

Id. at 1315-16 (citations omitted); see also Objection at 4-6 (applying the Leader factors to the instant case). Defendant contends that the Magistrate Judge erroneously concluded that Plaintiff's claims do not depend on the Pass-Through Agreement and failed to consider the degree to which Plaintiff discusses the Pass-Through Agreement in the Complaint. See Objection at 4.

Upon review, the Court finds that although the Pass-Through Agreement is central to Defendant's affirmative defense of release, it is not central to Plaintiff's breach of contract claim. The Court recognizes that Plaintiff refers to and discusses the Pass-Through Agreement several times in the Complaint. See Complaint ¶¶7-13. However, Plaintiff's reference to the Pass-Through Agreement is insufficient to incorporate that document into the Complaint. See Dysart v. Trustmark Nat'l Bank, No. CV-13-BE-2092-S, 2014 WL 1765120, at *3 (N.D. Ala. Apr. 30, 2014) (finding that a defendant erroneously

assumed "that the Amended Complaint's reference [wa]s enough to bring the document into the Amended Complaint's purview, and noting that while the document might be central to the defendant's defense, "centrality to plaintiff's claims and centrality to a defense to those claims are not the same thing."). Rather the document must be central to the Plaintiff's claim. Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (recognizing that a court may consider documents not attached to the complaint "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim.") (emphasis added). The Eleventh Circuit has recognized that courts have properly found a document to be central to a plaintiff's claim where the document is "at the very heart of the plaintiff's claim." Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc., 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013) (emphasis added). In this regard, courts consider "whether the plaintiff would have had to offer the document in order to prove its case." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007). For example, in Amerijet Int'l, the Eleventh Circuit considered e-mails attached to a motion to dismiss because in order to receive certain benefits, the plaintiff needed to establish that it notified the defendant of eligible employees. See Amerijet Int'l, 932 F. Supp. 2d at 1342, 1344-45 (citing Bamert v. Pulte Home Corp., 445 F. App'x 256, 267-68 (11th Cir. 2011) (considering purchase agreements attached to the motion to dismiss because without considering the agreements it would be impossible for the court to resolve a crucial issue in the case)).

Upon review of Plaintiff's allegations, the Court finds that the Pass-Through Agreement is not central to Plaintiff's claim. In Count I, Plaintiff alleges that Defendant breached Subcontract Number 01-1586-002B-2001 (Doc. 1-2; Subcontract 2001) by

failing to make certain payments.  See Complaint at 6.  As in Dysart, "as part of the narrative leading up to" the breach of Subcontract 2001, see Dysart, 2014 WL 1765120 at *3, Plaintiff alleges that the parties entered into the Pass-Through Agreement, see Complaint ¶¶5, 7.  Plaintiff explains that they did so in order to enable Defendant to pursue Plaintiff's claims against the Government under a prime contract between Defendant and the Government.  See id. ¶7.  Plaintiff alleges that the Pass-Through Agreement "was limited to specific claims identified in that agreement," and that "[t]here was no discussion, much less a mutual intent that the pass through agreement apply to any claims that [the parties] might have against one another that did not involve the [Government]."  Id.  Further, Plaintiff alleges that the parties settled the claims brought against the Government and Defendant paid Plaintiff its share of the settlement, but that the parties to this action "still had disputes over what the balance of the Subcontract #2001 was."  Id. ¶¶13, 15.  Notably, Plaintiff would not need to offer a copy of the Pass-Through Agreement to establish its breach of contract claim.  Therefore, although the Pass-Through Agreement may well be central to Defendant's affirmative defense, it is not central to the breach of contract claim set forth in Plaintiff's Complaint.  Cf. Cucinotta v. CVS Pharmacy, Inc., No. 8:12-cv-1194-T-33AEP, 2012 WL 4009682, at **2-3 (M.D. Fla. Sept. 12, 2012) (admitting an employee handbook and letter that were attached to a motion to dismiss because the plaintiff relied on these documents to establish the existence of a valid contract).

Defendant's contention that the instant case is similar to Leader misses the mark.  See Objection at 5-6.  In Leader, the counter-plaintiff asserted claims for breach of an amended Master Sales Agreement ("MSA"), fraud, and unjust enrichment.  See Leader, 155 F. Supp. 3d at 1314, 1316.  In resolving the counter-defendant's motion to dismiss

these claims, the court considered the MSA, an invoice, and an order acceptance, which were attached to that motion to dismiss. Id. at 1316. The court determined that these documents were central to the breach of contract counter claim because the claim involved a breach of an amendment to the MSA, and the invoice and order acceptance were required in order to establish that amendment. Id. at 1314, 1316. Contrary to Defendant's contention, the instant matter is readily distinguishable from Leader. See Objection at 5-6. Here, unlike the invoice and order acceptance, the Pass-Through Agreement is not required in order to establish the terms of Subcontract 2001 which is at issue in Plaintiff's breach of contract claim. Further, although Plaintiff alleges that the Pass-Through Agreement "was expressly executed in connection with Subcontract #2001," Plaintiff does not allege that the Pass-Through Agreement amended Subcontract 2001, unlike the contract at issue in Leader, which allegedly amended the MSA. See Complaint ¶7; Leader, 155 F. Supp. 3d at 1316. Ultimately, the cases are distinguishable because unlike the counter-plaintiff in Leader, who could not prevail on its breach of contract claim without proffering the documents attached to the motion, here, Plaintiff can establish its breach of contract claim without submitting the Pass-Through Agreement. As such, the Court finds that it cannot consider the Pass-Through Agreement in resolving the Motion to Dismiss without converting it into one for summary judgment. See Rule 12(d).

Next, the Court turns to Defendant's contention that the Magistrate Judge erred by failing to convert the Motion to Dismiss into a motion for summary judgment. See Objection at 10-12.

Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

See Rule 12(d). In the Report, the Magistrate Judge declined to convert the Motion to Dismiss into one for summary judgment based on Plaintiff's contention that there was a latent ambiguity regarding the scope of the release within the Pass-Through Agreement, which required extraneous evidence to resolve. See Report at 9-10 (citing Motion Response at 7-10). "Given the early posture of this case and the factual nature of Plaintiff's arguments with regard to the Release," the Magistrate Judge determined that "converting the Motion into one for summary judgment would [have] be[en] prejudicial to Plaintiff." See Report at 10 (citations omitted). Defendant objects to this conclusion on several grounds, all of which are without merit.

First, Defendant fails to recognize that "it is within the judge's discretion to consider matters outside of the pleadings" when presented with such matters on a motion to dismiss. See Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990). If the judge opts to do so, then the judge must comply with the requirements of Rule 56. Id. at 1532. However, regardless of how meritorious the defense supported by the Pass-Through Agreement might be, Defendant cites no authority supporting the proposition that despite Defendant having filed a 12(b)(6) motion, the Court was required to convert that Motion to Dismiss to one for summary judgment. To the contrary, the decision of whether or not to consider such a document is committed to the discretion of the Court. See Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980) (the "'court has complete discretion to determine whether or not to accept any material

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

See Rule 12(d). In the Report, the Magistrate Judge declined to convert the Motion to Dismiss into one for summary judgment based on Plaintiff's contention that there was a latent ambiguity regarding the scope of the release within the Pass-Through Agreement, which required extraneous evidence to resolve. See Report at 9-10 (citing Motion Response at 7-10). "Given the early posture of this case and the factual nature of Plaintiff's arguments with regard to the Release," the Magistrate Judge determined that "converting the Motion into one for summary judgment would [have] be[en] prejudicial to Plaintiff." See Report at 10 (citations omitted). Defendant objects to this conclusion on several grounds, all of which are without merit.

First, Defendant fails to recognize that "it is within the judge's discretion to consider matters outside of the pleadings" when presented with such matters on a motion to dismiss. See Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990). If the judge opts to do so, then the judge must comply with the requirements of Rule 56. Id. at 1532. However, regardless of how meritorious the defense supported by the Pass-Through Agreement might be, Defendant cites no authority supporting the proposition that despite Defendant having filed a 12(b)(6) motion, the Court was required to convert that Motion to Dismiss to one for summary judgment. To the contrary, the decision of whether or not to consider such a document is committed to the discretion of the Court. See Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980) (the "'court has complete discretion to determine whether or not to accept any material

beyond the pleadings.'") (quoting 5 Wright & Miller, Federal Practice and Procedure, § 1366, at 675). Here, the Court agrees with the Magistrate Judge's conclusion that in its discretion, the Court should decline to consider the Pass-Through Agreement attached to the Motion to Dismiss.

In support of its Objection, Defendant contends that the release within the Pass-Through Agreement "<u>specifically and unambiguously</u> barred all claims by Plaintiff relating to Subcontract 2001," and therefore, "there is no need for discovery, or to otherwise examine the intention of the parties." <u>See</u> Objection at 9-10 (emphasis in original). However, as noted by the Magistrate Judge, Plaintiff asserts that a latent ambiguity, by definition, "exists 'where <u>the language employed is clear and intelligible and suggests but a single meaning</u>, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.'" <u>See</u> Report at 10 (citing Motion Response at 9 (quoting <u>Hensley v. State Farm Fire & Cas. Co.</u>, 398 P. 3d 11, 23 (Okla. 2017))) (emphasis added); <u>see also</u> <u>McKissick v. Yuen</u>, 618 F.3d 1177, 1188 (10th Cir. 2010) ("A latent ambiguity arises when, despite a contract's facially unambiguous terms, 'some extrinsic fact creates a necessity for interpretation or a choice between two or more possible meanings.'").[3] Thus, to the extent Defendant argues that discovery is not required because the <u>language</u> of the agreement is clear, Defendant's argument misses the mark.

Further, Defendant contends that because Plaintiff failed <u>to plead</u> facts suggesting that the release within the Pass-Through Agreement contains a latent ambiguity, the Magistrate Judge erred in recommending that the Court provide Plaintiff with an

---

[3] As noted in the Report, the Pass-Through Agreement is governed by Oklahoma law. <u>See</u> Report at 10 n.7 (citing Motion Response at 9; Pass-Through Agreement at 5 ¶11).

opportunity to engage in discovery. See Objection at 10-11. Notably, Defendant fails to cite any authority in support of its position that Plaintiff was required to plead facts showing a latent ambiguity, which runs against the well-recognized rule that "[a] plaintiff is not required to anticipate and negate an affirmative defense in the complaint." Lesti v. Wells Fargo Bank, N.A., 960 F. Supp. 2d 1311, 1316 (M.D. Fla. 2013) (citing La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)). Notably, it appears that under Oklahoma contract law, if a party establishes that a written agreement contains an ambiguity, it may introduce parol evidence to aid in the interpretation of the contract. See Hensley, 398 P. 3d at 23 ("When the intent of the contracting parties cannot be determined by examining the instrument a court must consider parol and extrinsic evidence."). Based on the foregoing and the early procedural posture of this case, the Court finds that the Magistrate Judge's recommendation that the Court not convert Defendant's Motion to Dismiss to one for summary judgment is entirely reasonable and appropriate under the circumstances of this case. Moreover, it is entirely consistent with the Eleventh Circuit authority cited in the Report cautioning against the entry of summary judgment before a party has had an adequate opportunity for discovery. While as Defendant suggests, "[d]eciding this issue at the forefront [might] promote efficiency and conserve judicial resources," the Court's interest in judicial economy does not outweigh the potential prejudice Plaintiff could suffer if deprived of an opportunity to conduct discovery.

Last the Court addresses Defendant's contention that the Court should not allow Plaintiff to engage in discovery prior to interpreting the terms of the Pass-Through Agreement because in the Case Management Report (Doc. 11) filed by the parties on April 2, 2018, the parties requested that the Court "stay entry of the Case Management Order

and stay discovery until the Court rules on Defendant's pending dispositive motion to dismiss." See Case Management Report at 8. In support of their request, the parties represented that they "agree that the Court's interpretation of the release is a gateway issue in this dispute." Id. However, the Court specifically denied that request and notified the parties that in order to seek a stay, "they must file a proper motion." See Case Management and Scheduling Order and Referral to Mediation (Doc. 13; Scheduling Order) at 1 n.1. Despite the Court's admonishment, neither party filed a motion to stay discovery pending resolution of the Motion. Thus, Defendant's reliance on the parties' request is unavailing.

## IV. Conclusion

Based on the foregoing, the Court finds that the Objection is due to be overruled, and the Report is due to be adopted, in part. Specifically, the Court adopts the Magistrate Judge's analysis with respect to Count I as well as the Magistrate Judge's determination that Count II is due to be dismissed. However, the Court declines to address the merits of Defendant's argument in support of dismissal of Count II in light of Plaintiff's abandonment of Count II.

Accordingly, it is **ORDERED:**

1. Defendant Sauer Incorporated's Objections to Magistrate Judge's Report and Recommendation (Doc. 18) is **OVERRULED**.

2. The Report and Recommendation (Doc. 17) is **ADOPTED** as the opinion of the Court with the exception of the discussion on pages 11 and 12 of Plaintiff's quasi-contractual claims set forth in Count II of the Complaint.

3. Defendant Sauer Incorporated's Dispositive Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 5) is **GRANTED, in part,** and **DENIED, in part.**

    a. The Motion to Dismiss is **GRANTED** to the extent that Count II of the Complaint is dismissed.

    b. The Motion to Dismiss is **DENIED** in all other respects.

4. Defendant shall file an answer to the Complaint on or before **Friday, October 5, 2018**.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

LC25

Copies to:

Counsel of Record

The Honorable James R. Klindt
United States Magistrate Judge